UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Bryan Brown


    v.                                    Civil No. 09-cv-139-SM

Richard Gerry, Warden,
New Hampshire State Prison


**REPORT AND RECOMMENDATION**


    Before the Court is Bryan Brown's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (document no. 5) as well as documents filed in support of that petition (document no. 11).[1]  The matter, having previously been stayed to give Brown the opportunity to complete exhaustion of his claims, is now reopened and is before me for preliminary review to determine whether the petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule

---

    [1]The amended petition (document no. 5) and the status report filed March 16, 2010 (document no. 11), in the aggregate, will be considered to be the petition in this matter for all purposes.

...

("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

## Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, <u>Erickson</u>, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" <u>Id.</u> (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950 (citation omitted).

<u>Background</u>

Bryan Brown was charged with multiple counts of sexual assault in the New Hampshire Superior Court at Strafford County. In February 2008, the trial judge set a trial date in May 2008

and ruled that no continuances would be granted.  Brown then filed a motion to dismiss his attorney, Philip Desfosses, but withdrew the motion on March 26, 2008.  On April 29, 2008, Brown filed a second motion to dismiss Desfosses, alleging that Desfosses had lied to him.  Brown also filed a complaint against Desfosses with the Professional Conduct Committee of the New Hampshire Bar Association.  Desfosses filed a motion to withdraw from Brown's case, citing a conflict of interest occasioned by the professional conduct complaint, as Desfosses, once the complaint was filed, had a theoretical interest in Brown being found guilty, as that would protect Desfosses from a malpractice action.  The prosecutor argued at the hearing that Brown was merely trying to delay the trial, as up until early April 2008, Brown had reported to family members his belief that Desfosses was acting in his best interest.

    A hearing was held regarding the status of counsel on May 6, 2008.  After the hearing, the Court denied both motions, and articulated the three options that remained for Brown: (1) to make amends with Desfosses and go to trial with him as counsel; (2) to proceed to trial pro se, possibly with Desfosses as stand-by counsel; or (3) to accept the plea agreement that had been

offered by the prosecutor.  Desfosses asked the Court to allow Brown until May 8, 2008, to make the decision, so that Desfosses could meet with Brown and another attorney, Randy Hawkes, who Brown had requested be appointed to represent him in Desfosses' stead.

On May 8, 2008, after meeting with Desfosses and Hawkes, Brown agreed to plead guilty and entered guilty pleas to the charges pending against him on May 8, 2008.  At the guilty plea hearing, he waived his trial rights, and expressed satisfaction with Desfosses' representation, particularly as assisted by Hawkes, on the record.  On May 23, 2008, he was sentenced to 20-40 years in prison, pursuant to the plea agreement.  Brown is presently serving that sentence.

In February 2009, Brown filed a motion to withdraw his plea in the trial court, arguing that he was coerced to plead guilty by the improper options laid out for him by the trial court on May 6, 2008.  The motion to withdraw was denied.  Brown filed an appeal of the denial in the New Hampshire Supreme Court ("NHSC") which was denied by unpublished opinion on March 3, 2010.  See State v. Brown, Case No. 2009-0298, slip op. (N.H. Mar. 3, 2010).  Brown filed a response to the opinion, but was denied relief.

## The Claims

During the pendency of his post-conviction and appellate litigation in the state courts, Brown filed a petition for a writ of habeas corpus in this Court, which was stayed pending exhaustion of his federal claims in the state courts.  Brown's habeas petition raises the following two claims for relief:

1.   Brown's Fourteenth Amendment due process rights were violated when he was convicted upon entry of a guilty plea that was not entered into voluntarily.

2.   Brown's Sixth Amendment right to a speedy trial was violated.

## Background

I.   Speedy Trial Claim

Brown asserts a violation of his right to a speedy trial. Although the petition is not entirely clear as to the basis for this claim, it appears to relate to a motion to dismiss filed in the trial court during preparation for his criminal trial, before the plea agreement was reached.  Brown concedes the issue was not exhausted in the state courts.  A letter to Brown from his post-conviction counsel indicates that Brown waived his right to challenge his conviction on speedy trial grounds when he pleaded

guilty, and that the matter was not appropriate for inclusion in the notice of appeal.  Apparently disagreeing with his attorney's analysis, Brown asserts the issue here.

Ordinarily, a speedy trial claim cannot be litigated after the entry of a conviction based on a guilty plea.  See United States v. Broce, 488 U.S. 563, 569 (1989).

> When the judgement of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court has no power to enter the conviction or impose the sentence.

Id.; see also Any v. United States, 47 F.3d 1156, at *3, 1995 WL 83965, *3 (1st Cir. 1995) (citing Broce for proposition that "[a] knowing and voluntary guilty plea waives all nonjurisdictional defects").  Brown's guilty plea, therefore, precludes litigation of a challenge to his guilt based on an alleged speedy trial violation, as the speedy trial claim is not a challenge to the trial court's exercise of jurisdiction over him in entering a conviction upon his guilty plea.  Should Brown's challenge to the voluntariness of his guilty plea ultimately prove successful, and the case is remanded to the state court for further proceedings,

Brown would at that time have the opportunity to challenge nonjurisdictional defects in his case, including any alleged speedy trial violation.

Brown has waived the right to raise his speedy trial claim by entering a guilty plea in the trial court, at least until such time as that plea may be deemed involuntary. Accordingly, based on the current status of the plea agreement, I recommend that the claim be dismissed from this petition. See 28 U.S.C. §2254(b)(2) (petition for writ of habeas corpus may be denied on the merits notwithstanding the failure to exhaust).

## II. Involuntary Plea Claim

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To be eligible for habeas relief, Brown must show: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.

See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).

Brown's imprisonment pursuant to his challenged conviction plainly satisfies the custody requirement.  As to the second requirement of the habeas statute, Brown asserts that he properly filed a motion to withdraw his plea in the trial court, and then filed an appeal to the NHSC when that motion was denied.  Brown raised his Fourteenth Amendment due process challenge to the plea in both his trial motion and in his appeal.  Accordingly, I find that Brown has fully exhausted his involuntary plea claim, and that it may proceed.  In an Order issued simultaneously with this Report and Recommendation, I will direct service of the petition on Respondent in accordance with the § 2254 Rules.

## Conclusion

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice

of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                              _____
                                              James R. Muirhead
                                              United States Magistrate Judge

Date:     April 19, 2010

cc:       Bryan Brown, pro se


JM:jba