**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Bryan Brown


     v.                          Civil No. 09-cv-139-SM

Richard Gerry, Warden,
New Hampshire State Prison

## O R D E R

Before the Court is Bryan Brown's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (document no. 5) as well as documents filed in support of that `petition (document no. 11)[1] and Brown's motion to appoint counsel (document no. 10).  The matter, having previously been stayed to give Brown the opportunity to complete exhaustion of his claims, is now reopened and before me for preliminary review to determine whether the petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR")

---

[1]The amended petition (document no. 5) and the status report filed March 16, 2010 (document no. 11), in the aggregate, will be considered to be the petition in this matter for all purposes.

4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

Brown's petition challenges his conviction on the basis that: (1) his plea was involuntary; and (2) his speedy trial rights have been violated.  In a Report and Recommendation issued simultaneously with this Order, for reasons explained therein, I recommend dismissal of the speedy trial claim.

Brown's petition, as to the claim that his guilty plea was involuntary, and that his conviction and incarceration pursuant thereto therefore violates his Fourteenth Amendment due process rights, satisfies the requirements of § 2254 because Brown is in custody, and he has demonstrated that the claim has been fully exhausted in the state courts.  I therefore order the petition to be served on respondents.  See § 2254 Rule 4.

### Motion to Appoint Counsel (document no. 10)

Brown has filed a motion to appoint counsel (document no. 10).  There is no absolute constitutional right to free legal representation in a civil case.  Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988).  Rather, appointment of counsel in a civil case is left to the discretion of the court.  See 28 U.S.C. § 1915(d); 42 U.S.C. § 3613(b).  An indigent litigant must demonstrate that

exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam).  In the case at hand, Brown has not, at this time, established that circumstances exist which warrant a finding that he would be denied due process if counsel is not appointed.  Accordingly, Brown's motion to appoint counsel (document no. 10) is denied without prejudice to refiling in the future should circumstances warrant.

<u>Conclusion</u>

The petition shall be served upon Respondent, which shall file an answer or other pleading in response to the allegations made therein.  See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General as provided in the Agreement on Acceptance of Service, copies of this Order, the Report and Recommendation issued simultaneously with this Order, and the habeas petition (document nos. 5 & 11).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.

3

The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).  Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:       April 19, 2010

cc:         Bryan Brown, pro se


JM:jba

4